# Supreme Court of Florida

_____

No. SC19-1932
_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.240.**

December 12, 2019

PER CURIAM.

In response to recent statutory and rule amendments changing the county court civil and small claims jurisdictional limits, the Court, on its own motion, amends Florida Rule of Judicial Administration 2.240 (Determination of Need for Additional Judges). *See* Fla. R. Jud. Admin. 2.140(g). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## Amendments

Consistent with the amendment to the county court jurisdictional limit in section 34.01, Florida Statutes (2018) made by chapter 2019-58, section 9, Laws of Florida, we amend subdivision (b)(1)(A)(i) of rule 2.240 to replace the $15,000.01 minimum claim amount for a circuit court civil case referenced in that subdivision with a $30,000.01 minimum claim amount. We also amend subdivision

(b)(1)(A)(ii) to replace the $5,000.01 to $15,000 claim range for a non-small-claims county court civil case referenced in that subdivision with a $8,000.01 to $30,000 claim range, consistent with the above-referenced statutory amendment and the recent amendment to Florida Small Claims Rule 7.010 (Title and Scope), which increased the small claims jurisdictional limit from $5,000 to $8,000. *See In re Amends. to Fla. Rules of Civ. Pro., Fla. Small Claims Rules, & Fla. Rules of App. Pro.—Jurisdiction*, No. SC19-1354, slip op. at 3, 15 (Fla. Nov. 14, 2019).

Accordingly, the Florida Rules of Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2020, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1]

---

[1] All comments must be filed with the Court on or before February 25, 2020, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9,

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 2.240.     DETERMINATION OF NEED FOR ADDITIONAL JUDGES**

**(a)     [No Change]**

**(b)     Criteria.**

**(1)     Trial Courts.**

(A)     Assessment of judicial need at the trial court level is based primarily upon the application of case weights to circuit and county court caseload statistics supplied to the Office of the State Courts Administrator by the clerks of the circuit courts, pursuant to rule 2.245, Florida Rules of Judicial Administration. Such case weights provide a quantified measure of judicial time spent on case-related activity, translating judicial caseloads into judicial workload by factoring in the relative complexity by case type in the following manner:

(i)     The circuit court case weights are applied to forecasted case filings, which include circuit criminal (includes felony, drug court, and worthless check cases), circuit civil (includes matters involving claims of $~~15,000.01~~30,000.01 and above), family (includes domestic relations, juvenile dependency, and juvenile delinquency cases), and probate (includes guardianship, mental health, and trust cases).

(ii)     The county court case weights are applied to forecasted filings, which include county criminal (includes misdemeanor, violations of county and municipal ordinance, worthless check, driving under the influence, and other criminal traffic cases), and county civil (includes small claims, matters involving claims ranging from $~~5,000.01~~8,000.01 to $~~15,000~~30,000, landlord-tenant, and civil traffic infraction cases).

(B) – (C)     [No Change]

**(2)     [No Change]**

**(c) – (d)     [No Change]**

**Court Commentary**

**[No Change]**